IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-81001-TJM |
| | ) | A11-8056-TJM |
| TMS EQUIPMENT, LLC, | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| TMS EQUIPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VOLVO CONSTRUCTION EQUIPMENT | ) | |
| RENTS, INC., and VFS US LLC, d/b/a | ) | |
| Volvo Financial Services, f/k/a Volvo | ) | |
| Commercial Finance, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on June 21, 2001, regarding Fil. #4, Motion for Preliminary Injunction and Temporary Restraining Order, and Fil. #13, Amended Motion for Preliminary Injunction, Amended Application for Temporary Restraining Order, filed by the plaintiff. Robert Craig and Anna Bednar appeared for the plaintiff; David Koukol appeared for Volvo Construction Equipment Rents, Inc.; and T. Randall Wright appeared for VFS US LLC, d/b/a Volvo Financial Services, f/k/a Volvo Commercial Finance.

This matter comes before the court on a request for a temporary restraining order filed by the plaintiff, a Chapter 11 debtor.

Prior to January of 2010, the debtor was a franchisee under a franchise agreement entered into with Volvo Construction Equipment Rents, Inc. It purchased construction equipment from the franchisor, which was financed by VFS. It then sold or rented such equipment.

The franchise agreement had been entered into in 2005, along with the development agreement and covenants not to compete.

The debtor was unable to make a significant profit, if any, from the date it opened, and on the date the franchise agreement was terminated in January 2010, the debtor was in debt to the franchisor for a small amount of money and in debt to VFS for well over $600,000.

Following the termination of the franchise agreement, VFS filed a replevin action in the United States District Court for the District of Nebraska. A hearing was held and the presiding judge apparently made oral findings and informed the parties that he would enter a written order granting possession of the VFS collateral to VFS. He requested that a written order be submitted. Prior to the order being submitted, the debtor filed this Chapter 11 case.

Shortly after filing the case, VFS and Volvo Construction Equipment Rents filed motions for relief from the automatic stay. The debtor filed a motion for use of cash collateral. Those matters were resolved by the entry of an agreed order on July 29, 2010. By the terms of such order, VFS was granted relief from the automatic stay and the parties agreed to a time frame for liquidation of the collateral, with the debtor being granted the use of cash collateral for operational purposes. The motion for relief filed by Volvo Construction Equipment Rents was deferred pending further negotiation.

The debtor successfully sold several hundred thousand dollars of equipment prior to the end of 2010 and recovered most, if not all, of the equipment that was out on rental contracts.

Although the time frame for liquidation had expired, the parties continued to negotiate and the debtor continued to operate during the winter of 2011. Apparently in April 2011, the negotiations had broken down. In the meantime, Walter Price, the principal of the debtor and a partial owner of a partnership which owns the land and buildings on which the debtor is operated, entered into an agreement on behalf of that partnership to sell the land and buildings for 1.5 million dollars. Mr. Price asserts that he will receive approximately $470,000 net from such sale.

In May 2011, the debtor filed a plan and disclosure statement which proposes a contribution of capital by Mr. Price and a continuation of the business of renting and selling construction equipment, either purchased from Volvo or other parties. Shortly thereafter, the debtor filed this adversary proceeding requesting a temporary restraining order and a preliminary injunction to stop the Volvo entities from enforcing the July 29, 2010, order.

It is the position of the plaintiff-debtor that if the court fails to enjoin the enforcement of the order, the debtor will be out of business. Such action will irreparably harm the debtor to an extent far exceeding any harm that would come to the Volvo entities as a result of the entry of such order.

Following the filing of this adversary proceeding, VFS reopened the replevin action which had been transferred from the district court to the bankruptcy court at Adversary Proceeding No. A10-8021. It then requested this court to enter an order granting possession of the collateral to VFS or, in the alternative, to recommend to the district court that it withdraw the reference so that the replevin action can be completed in the district court.

At the hearing on the motion for temporary restraining order, the plaintiff offered the affidavit of Mr. Price (Fil. #15). The Volvo entities objected because the affidavit referred to the proposed contract of sale of the facilities, but no such contract was attached, nor was it to be found elsewhere in the record. The parties agreed at the end of the hearing that the contract would be filed later that day and could be considered by the court. The contract was filed and the affidavit of Mr. Price (Fil. #15), including the contract, is now admitted into evidence.

At the end of the hearing, counsel for VFS informed the court, after inquiry by the court concerning what action VFS would be taking pending an entry of an order on the motion before it, that although it had relief from the automatic stay, it did not have an order of possession of the collateral pursuant to the replevin action and so it would be taking no action, but would rely upon its motion in the replevin adversary requesting a possessory order. The resistance date for the motion requesting the possessory order is July 6, 2011. The hearing on the preliminary injunction is July 7, 2011.

In addition to the dispute between VFS and the debtor, Volvo Construction Equipment Rents has now requested, through its resistance to the motion for temporary restraining order and preliminary injunction, that its motion for relief from the automatic stay be granted.

To obtain a temporary restraining order or preliminary injunction, the debtor must successfully convince the court that the balance of the following four factors favors the plaintiff-debtor: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm the relief would cause to the other litigants; and (4) the public interest. Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." Id. (citations omitted).

I find that the likelihood of the movant's success on the merits is seriously in question. At the hearing on the preliminary injunction, the debtor will be required to convince the court that simply because Mr. Price is going to sell the facility on or after September 1, 2011, and will then have the ability to infuse capital which may be sufficient to enable the debtor to reorganize, the court should ignore the fact that the franchise agreement has been terminated, Mr. Price has entered into one or more covenants not to compete, and the debtor participated in the preparation and submission to the court of an agreed order granting relief from the automatic stay, scheduling an orderly liquidation time period, and basically agreeing to go out of business. Further, the debtor will be required at that hearing to present evidence that it has interim financing, separate from cash collateral, to enable it to operate, if the court declines to force VFS to permit the use of cash collateral. In addition to all of the above, the debtor will be required to present evidence that it has a facility available to operate the business, since the contract for the sale of the facility appears to require the debtor to leave the premises by a date certain.

There is no question that a failure of the court to permanently enjoin the Volvo entities from enforcing their rights under their contractual agreements, the replevin action, and the July 29, 2010, agreed order, will irreparably harm the plaintiff-debtor. At the same time, entering a permanent injunction will irreparably harm the Volvo entities who, in good faith, entered into the July 29, 2010, agreement rather than pushing to enforce their rights based upon their motions for relief from the automatic stay, the termination of the franchise agreements, the covenants not to compete, and the replevin action.

Finally, although the plaintiff suggests otherwise, there is harm to the public interest. It is acknowledged that enabling a business to reorganize and to remain in business is a positive result with regard to the public interest. On the other hand, failure to enforce court orders, franchise agreements, covenants not to compete and replevin actions can be quite harmful to the public interest. The public, and the parties, generally need to have confidence that contracts and court orders will be complied with.

Balancing the four factors referred to above, I find that, on this record, at this time, the balance tilts in favor of denying the temporary restraining order. However, that is without prejudice to the debtor having the opportunity to present sufficient evidence to overcome my concerns at the hearing on the preliminary injunction.

Finally, I deny the temporary restraining order without prejudice because a significant portion of the relief requested, that is, to deny VFS the opportunity to obtain its collateral, is moot at this time. Although VFS has relief from the automatic stay, it does not have an order of replevin and until

this court or the district court enters such an order, it can take no action adverse to the interest of the debtor-plaintiff concerning repossession of the equipment. It would seem odd, indeed, if the debtor had an opportunity to sell some of the equipment between now and the hearing on the preliminary injunction, if VFS refused to permit such sale and refused to accept the payment.

IT IS ORDERED: For all of the above reasons, that part of Fil. #4 requesting a temporary restraining order is denied without prejudice.

DATED:        June 24, 2011

BY THE COURT:

/s/ Timothy J. Mahoney_____
United States Bankruptcy Judge

Notice given by the Court to:
        *Robert F. Craig
        *Ann Bednar
        David Koukol
        T. Randall Wright
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

-4-